# UNITED STATES DISTRICT COURT
для the
Middle District of Tennessee

| | | |
|---|---|---|
| United States of America<br>v.<br>Austin Douglas Kidd<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-mj-2786 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   August 2019 - November 17, 2020   in the county of   Montgomery   in the   Middle   District of   Tennessee  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code Sections 2252A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

*Tiffany Mayo*
Complainant's signature

Tiffany Mayo, Special Agent
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date:   02/25/2021

Judge's signature

City and state:   Nashville, Tennessee

Jeffery S. Frensley, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF TIFFANY MAYO
## Homeland Security Investigations

I, Tiffany Mayo, being duly sworn, do depose and state as follows:

1. I am a Special Agent (SA) of the United States Department of Homeland Security, Homeland Security Investigations (HSI), and I am assigned to the Office of the Special Agent in Charge in Nashville, Tennessee. I have been employed as a Special Agent of the U.S. Department of Homeland Security since 2013.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of **AUSTIN KIDD,** for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B): on or about November 17, 2020, in the Middle District of Tennessee, Austin Kidd did knowingly possess any material that contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and involving a minor under the age of twelve, that had been shipped and transported using any means and facility of interstate and foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of **AUSTIN KIDD.**

4. In August 2019, a foreign law enforcement agency (referenced herein as "FLA") notified the Federal Bureau of Investigation that FLA determined that on April 21, 2019 at 16:41:24 UTC, IP address 45.21.2.65 "was used to access online child sexual abuse and exploitation material" via a website that is known to FLA and continues to be the subject of investigation. The website is not named in this affidavit in order to prevent compromising ongoing investigations.

5. FLA identified the website by name and described the website as having "an explicit focus on the facilitation of sharing child abuse material (images, links and videos), emphasis on indecent material of boys" and stated that "[u]sers were able to view some material without creating an account. However, an account was required to post and access all content."

1

6. According to publicly available information, IP address 45.21.2.65, which was used to access the website on April 21, 2019, was registered to AT&T.

7. On or about September 9, 2019, AT&T produced records in response to a subpoena indicating the IP address had been assigned to **AUSTIN KIDD** with a service address of 7770 Pipers Lane, Apt. 17208, San Antonio, TX, on April 21, 2019, at the specified time requested. The account had been closed since then.

8. A query of publicly available databases for the property at 7770 Pipers Lane, Apt. 17208, San Antonio, TX 78251, revealed that on April 21, 2019, this residence had been occupied by **AUSTIN KIDD**. Open Source and law enforcement databases indicated **AUSTIN KIDD** now resided at 690 Hickory Point Road, Clarksville, TN. Additional social media information identified that **AUSTIN KIDD** moved from his April 21, 2019, address of 7770 Pipers Lane. Apt. 17208, San Antonio, TX, on or about May 5, 2019.

9. In March 2020, Homeland Security Investigations in Nashville ("HSI Nashville") received an investigative referral from Homeland Security Investigations in Boston, MA pertaining to **AUSTIN KIDD** and his suspected internet activity on or about April 17, 2019.

10. Through open source research, SAs identified Facebook account: "ShadowPhoenix24" as belonging to **AUSTIN KIDD**. In an effort to verify the physical location of **AUSTIN KIDD**, SA Mayo submitted a summons requesting the login/logoff records associated with his account. On June 5, 2020, Facebook, Inc. ("Facebook") produced records in response to the summons, providing multiple IP addresses associated with the login/logout records of Facebook account: "ShadowPhoenix24." Facebook, Inc. also identified the name on the account as being **AUSTIN KIDD**. According to publicly available information, the IP addresses provided by Facebook, were owned/operated by Charter Communications.

11. On June 10, 2020, Charter Communications produced records in response to a summons indicating that the above referenced IP addresses provided by Facebook, were associated with 690 Hickory Point Rd, Clarksville, TN, at the specified date and times requested.

12. On July 7, 2020, the U.S. District Court for the Middle District of Tennessee authorized the installation and use of a pen register/trap and trace device (PRTT) to record, decode, and/or capture all dialing, routing, addressing, and signaling information associated with each communication to or from the residential internet service account associated with 690 Hickory Point Rd. Clarksville, TN.

2

13. Analysis of the data provided pursuant to that PRTT order revealed evidence that a user of the internet at the SUBJECT PREMISES accessed the TOR network from July 13, 2020, through July 30, 2020.

14. On November 3, 2020, I obtained a federal search warrant (Case #20-mj-2616) to search the residence at 690 Hickory Point Rd. in Clarksville, Tennessee. On November 17, 2020, HSI Nashville executed the federal search warrant, and **AUSTIN KIDD** was present at the time. Subsequently, HSI Supervisory Special Agent Jim Cole and I interviewed **AUSTIN KIDD**, who stated that he accessed the Dark Web/TOR network and viewed child sexual abuse material (CSAM). **AUSTIN KIDD** stated that his material of interest was of boys, approximately (11) years of age. **AUSTIN KIDD** further stated that any images he downloaded and/or possessed were located in his "MEGA.nz" cloud service account.

15. **AUSTIN KIDD** provided consent to HSI Nashville Special Agents (SAs), along with his username and password, to access his MEGA.nz account. I subsequently accessed **AUSTIN KIDD**'s MEGA.nz account via his Motorola Moto G7, cellular telephone (seized during the course of the search warrant), and identified, in a folder labeled "private," hundreds of suspected CSAM and child erotica images.

16. On November 17, 2020, **AUSTIN KIDD** also provided consent to HSI Nashville SAs to search his apartment located at 830 Peachers Mill Rd., Apartment D59, Clarksville, TN. **AUSTIN KIDD** stated that he and his girlfriend, J.R., resided at both this apartment and his parents' residence at 690 Hickory Point Rd. HSI Nashville seized a computer CPU tower, external hard drive, internal hard drive, thumb drive, and two CD-R media storage devices. These remaining items are still under review and pending forensic examination.

17. MEGA.nz is owned and operated in New Zealand. MEGA.nz has a law enforcement portal where law enforcement officials outside of New Zealand can notify MEGA.nz of an account violating their policies (i.e., storing CSAM). MEGA.nz then verifies the violation, suspends the account, and provides all content to the requesting law enforcement party.

18. On December 13, 2020, following a request by HSI Nashville, MEGA.nz provided all content stored and associated with the MEGA.nz account, identified as belonging to **AUSTIN KIDD**. The name: **AUSTIN KIDD** and email address: adkidd93@gmail.com were listed on the account. Approximately 260 suspected CSAM files, to include images and videos, were found stored on the account. Below are descriptions of two of the files discovered:

    1. *MBA Blonde French boy 12.jpg* – Is an image of a prepubescent male child

3

laying on his back, nude, on a bed. The child's hands are handcuffed behind his knees with his legs spread and knees to his chest. The child's anus and genitals are exposed. The child also has a ball strapped in his mouth and around his head. Based on the lack of post-secondary sexual characteristics (i.e. no pubic hair and the testicles have not descended) the child was identified as being prepubescent.

2. *S1-23.MP4* – Is a 15 second video of a prepubescent male child preforming fellatio on an adult male. The child is nude sitting on a toilet, with his genitals visible. The adult male is standing in front of the child and appears to be filming the video. Based on the lack of post-secondary sexual characteristics (i.e. no pubic hair and the size and appearance of the penis) the child was identified as being prepubescent.

19. 

20. Additionally, on November 17, 2020, **AUSTIN KIDD** informed SAs that he was in the final processes of becoming a substitute teacher for middle school children. **AUSTIN KIDD** stated that he once he submitted his fingerprint card, that was the final step. It is unknown where he is at in the process at this time.

21. I am seeking an arrest warrant for the defendant's arrest for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).