UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:21-mj-02786 |
| AUSTIN KIDD, | ) ) ) |
| Defendant. | ) |

## ORDER

The United States of America has filed a Motion to Suspend the 30-Day Statutory Speedy Trial Clock and Exclude Such Time for All Speedy Trial Act Purposes (Doc. No. 16), based upon Administrative Order 209 In Re: Court Operations Under the Exigent Circumstances Created by COVID-19 (entered March 16, 2020, amended on March 23, 2020, April 29, 2020, May 22, 2020, June 22, 2020, July 8, 2020, August 19, 2020, October 29, 2020, November 30, 2020, December 15, 2020 and February 25, 2021). Administrative Order 209 responded to the public-health emergency declared throughout the State of Tennessee and the Nation to address public-health concerns related to the spread of coronavirus (COVID-19).

1. The record reflects that the government filed a complaint on February 25, 2021, and an arrest warrant was issued the same day. The Defendant was arrested on March 17, 2021, and appeared before a judicial officer. The Defendant was detained. A preliminary and detention hearing was held on March 24, 2021 and Defendant was detained. The Speedy Trial Act, 18 U.S.C. § 3161, requires that an indictment or information charging the defendant with the commission of an offense be filed within thirty (30) days. 18 U.S.C. § 3161(b). Further, 18 U.S.C. § 3164(b)

1

requires that the trial of any person who is detained solely because he or she is awaiting trial commence no later than 90 days following the beginning of such detention.

2. On February 25, 2021, the Court issued Administrative Order 209, (eleventh amended) which among other things provided that, "All grand jury proceedings are continued through April 15, 2021. (Eleventh Amended Admin. Order 209, ¶ 8.) The Administrative Order continues, "Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, through April 15, 2021." *Id*. Those grand juries are not in session but remain empaneled. The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such 30-day period." 18 U.S.C. § 3161(b).

3. On March 9, 2021, the Court issued a sealed Administrative Order 212 (First Amended), designating a Grand Jury Panel to reconvene on a modified basis for a specified case. This case does not fall within any of the limited circumstances for which the Grand Jury Panel was authorized to reconvene.

4. For the reasons set forth in Administrative Order 209, (eleventh amended) which are incorporated herein, and sealed Administrative Order 212, the Court cannot determine whether or when enough individual grand jurors will be in a position to report for duty sufficient to maintain the required quorum. The Court finds that the ends-of-justice are served by suspending the 30-day statutory Speedy Trial period set forth in 18 U.S.C. § 3161(b), resetting the 30-day period to begin anew on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting and excluding the period of time between the date on which the Defendant was arrested and the date on which this Court first permits grand juries in the Middle District of Tennessee to resume meeting, for all Speedy Trial Act purposes.

2

Case 3:21-mj-02786   Document 17   Filed 04/06/21   Page 2 of 3 PageID #: 52

5. This action is necessary for the above stated reason and to avoid a miscarriage of justice and to avoid unnecessary risk to grand jurors, the Defendant, witnesses, Court staff and counsel.

6. This action is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the government to obtain available witnesses.

7. The Court finds that the foregoing supports: (1) suspending the 30-day statutory Speedy Trial period set in 18 U.S.C. § 3161(b); (2) resetting the 30-day period to begin on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting; and (3) good cause for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice in granting such a suspension and continuance outweighs the best interest of the public and the defendant in a speedy indictment and speedy trial.

The Government's motion (Doc. No. 16) is **GRANTED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE